# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Nan R. Nolan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 7599 | **DATE** | 1/25/2001 |
| **CASE TITLE** | Charles Coleman vs. ANR-Advance Transportation, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 2/8/2001 at 10:00 A.M.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: Defendant Coastal's motion for summary judgment [25-1] is granted, Coastal's motion to strike [37-1] is denied as moot, Coastal's amended motion to strike [58-1] is granted in part and denied in part, and Coastal's supplemental motion to strike [72-1] is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | 3 |
| | No notices required. | | number of notices |
| ✓ | Notices mailed by judge's staff. | | JAN 2 6 2001 |
| | Notified counsel by telephone. | | date docketed |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | | docketing deputy initials |
| | Copy to judge/magistrate judge. | | |
| | | 01 JAN 25 PM 3: 50 | date mailed notice |
| | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

Document Number 79

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

**DOCKETED**
**JAN 2 6 2001**

| | |
|---|---|
| **CHARLES COLEMAN,** | ) |
| Plaintiff, | ) |
| v. | ) No. 98 C 7599 |
| | ) Magistrate Judge Nan R. Nolan |
| **ANR-ADVANCE TRANSPORTATION CO.** | ) |
| **and COASTAL CORPORATION** | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Charles Coleman sues ANR-Advance Transportation Company, Inc. ("ANR-Advance") and The Coastal Corporation ("Coastal") for alleged race and disability discrimination pursuant to Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, and 42 U.S.C. § 1981.[1] In March of 1999, an order for relief under Chapter 7 of the United States Bankruptcy Code was entered against ANR-Advance. It has been previously determined that the automatic stay provision of 11 U.S.C. § 362(a) applies with respect to ANR-Advance. Defendant Coastal now moves for summary judgment as to all of Coleman's claims on the ground that Coastal never employed Coleman. The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons set forth below, Coastal's Motion for Summary Judgment is GRANTED.

---

[1] Coleman alleges that he was treated less favorably than similarly situated white employees when (1) he was denied prompt medical attention after he was injured on the job; (2) he was not offered "modified work" after returning to work from an on the job injury but instead was informed that he would not be allowed to return to work because of his work release and limited work restrictions; (3) he was terminated on December 26, 1997 for alleged dishonesty with regard to his doctor's medical release; and (4) he was wrongfully terminated on eight occasions without just cause.

## I. **PRELIMINARY MATTERS**

As a threshold matter, Coastal filed motions to strike various evidentiary materials to which Coleman referred to in his pleadings responsive to Coastal's summary judgment motion. Coastal first moves to strike the affidavit of Donovan Bauldry on the basis that alleged statements by Larry Jouett, former President of ANR-Advance, contained in Bauldry's affidavit are inadmissible hearsay which may not be considered for purposes of summary judgment. Bauldry was employed as a truck driver with ANR-Advance. According to Bauldry, he asked Jouett in early 1996 "why drivers were being laid off when eighty loaded trailers were sitting in the yard." Bauldry Aff. ¶ 3. Bauldry alleges that Jouett responded: "ANR-Advance has to do what Coastal tells us to do." Id.

Hearsay is unusable in summary judgment proceedings. Einsenstadt v. Entel Corp., 113 F.3d 738, 742 (7th Cir. 1997) ("[H]earsay is inadmissible in summary judgment proceedings to the same extent that it is inadmissible in a trial."). Although an argument can be made in favor of admissibility under Federal Rule of Evidence 801(d)(2)(D)[2], Coleman did not respond to Coastal's hearsay objection and thus, failed to show through independent evidence the existence of an agency relationship between Jouett and Coastal. Tippecaneo Beverages, Inc. v. S.A. El Aguila Brewing Co., 833 F.2d 633, 636-36 (7th Cir. 1987); Auriemma v. City of Chicago, 1990 WL 36774, at *5 (N.D.Ill. March 2, 1990). Moreover, as will be indicated by the discussion below, Jouett's alleged statement, even if admitted, would not change the outcome because it is not relevant to any of the three factors set forth by the Seventh Circuit for determining whether an affiliate should be liable for another affiliate's employment actions.

---

[2] Rule 801(d)(2)(D) provides that "[a] statement is not hearsay if ... [it] is offered against a party and is ... a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship."

Coastal objects to the affidavit of Rose Papa on the grounds that it is conclusory, unsubstantiated, and speculative regarding the manner in which her husband's back pay issue was resolved. Rose Papa states that in December of 1996, she wrote a letter to David Arledge, CEO of Coastal, regarding ANR-Advance's failure to pay her husband back pay awarded to him by an arbitrator almost a year earlier. According to Ms. Papa, approximately thirty days after mailing her letter to Arledge, ANR-Advance informed Mr. Papa that his back pay check was forthcoming. Ms. Papa concludes that Arledge was "instrumental in the expedition" of her husband's receipt of back pay. Rose Papa's conclusion that Arledge and Coastal had any role or involvement in resolving Mr. Papa's back pay issue or in effectuating the payment of back pay is speculation and inadmissible. Ms. Papa has not shown that she has any personal knowledge concerning whether Arledge and Coastal were involved in her husband receiving back pay from ANR-Advance. Statements based on speculation will not defeat summary judgment. Stagman v. Ryan, 176 F.3d 986, 995 (7th Cir. 1999) (statement outside affiant's personal knowledge or statements based on speculation will not defeat summary judgment).

Coastal also objects to the reported statements of Melvin Nensel contained in Charles Coleman's affidavit. Nensel is the former Vice President of Labor for ANR-Advance. Coleman states that he told Nensel on or about May 1, 1998 that certain employees might publicly reveal their allegations of employment discrimination. Coleman alleges that Nensel responded that "he [Nensel] would contact 'Coastal' and get back to [Coleman] with their response." Coleman further alleges that Nensel stated to him approximately a month later that "'Coastal' wanted [Coleman] to know that any public action would result in a suit being filed against [Coleman] personally" and that "the Reverend Jackson was on 'their side.'" Coastal moves to strike the reported statements of Nensel as hearsay. Although an argument can again be made in favor of admissibility under Federal Rule of Evidence 801(d)(2)(D), Coleman failed to respond to Coastal's hearsay objection and thus, has not sufficiently

established the existence of an agency relationship between Nensel and Coastal for the statements to constitute the admission of a party-opponent. Even if admissible, Nensel's alleged statements are insufficient to establish affiliate liability under Papa v. Katy Industries, Inc. and Walsh Press Company, 166 F.3d 937 (7th Cir. 1999).

Coastal further moves to strike a portion of a transcript from a hearing held on October 5, 1995 at the Ramada Inn O'Hare in Rosemont, Illinois before the Multi-Region Change of Operations Committee. Coastal raises numerous objections to the admission of the transcript, including that it contains no certification that it was taken under oath. The unsworn transcript may not be considered in ruling on summary judgment. Fed. R. Evid. 603; Steinle v. Warren, 765 F.2d 95, 100 (7th Cir. 1985); Steven v. Roscoe Turner Aeronautical Corp., 324 F.2d 157, 161 (7th Cir. 1963).

Finally, Coastal moves to strike a copy of an ANR-Advance newsletter entitled the "Traveler" on the ground that Coleman only introduces a portion of the newsletter and must introduce the entire piece of evidence. Coleman attaches the newsletter as an exhibit to his affidavit to show that the newsletter was mailed from Coastal's corporate headquarters in Houston, Texas. Rule 106 of the Federal Rules of Evidence states: "When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require the introduction at that time of any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it." Coastal's right to have the entire Traveler admitted is not unqualified. United States v. Glover, 101 F.3d 1183, 1189 (7th Cir. 1996). Coastal must demonstrate the relevance of the other portion of the Traveler and must show that it clarifies or explains the portion offered by Coleman. Id. at 1189-90. Coastal has not attempted to show the relevance of the additional evidence or that the additional evidence clarifies or explains the evidence already admitted. Coastal's objection to the admission of the Traveler is overruled.

In addition, in determining Coastal's summary judgment motion, the Court disregarded the factual assertions contained in "Plaintiff's Rule 12(N) Response to Defendant's Statement of Facts" filed February 9, 2000 which are not supported by his cites to the record. The Court also disregarded the factual assertions contained in "Plaintiff's Rule 12(N) Response to Defendant's Statement of Facts" filed April 26, 2000 which are unsupported by citation to the record as required by the local rules. The Court further disregarded factual assertions where the evidentiary material relied upon is inadmissible for the reasons explained above, or if admissible, the evidentiary material does not support the factual assertion.

## II. FACTUAL BACKGROUND[3]

At all relevant times, Coastal has been a diversified energy holding company with subsidiaries engaged in natural gas gathering, marketing, processing, and storage and transmission; petroleum refining, marketing and distribution, and chemicals, gas and oil exploration and production; and coal mining and power. Coleman's Local Rule 12(N) Response to Defendant's Statement of Facts filed April 26, 2000 ¶ 1. ANR-Advance was at all relevant times an interstate trucking company engaged in the full truck load and less than truck load shipping of freight. Id. ¶ 2. ANR Freight System, Inc. and Advance Transportation Company, Inc. merged on November 3, 1995 to form ANR-Advance. Id. ¶ 3. On February 2, 1999, a petition for involuntary bankruptcy under Chapter 11 of the United States Bankruptcy Code was filed in the United States Bankruptcy Court for the District of Delaware with respect to ANR-Advance. Id. ¶ 4. On March 3, 1999, an order for relief under Chapter 7 of the United States Bankruptcy Code was entered against ANR-Advance in the United States Bankruptcy Court for the Eastern District of Wisconsin. Id. ¶ 5.

---

[3] The following facts are taken from the parties' Local Rule 12(M) and 12(N) Statements and accompanying exhibits and are undisputed.

Between November 3, 1995 and March 3, 1999, Coleman was employed at ANR-Advance's Chicago, Illinois terminal as a truck driver. Id. ¶ 13. Prior to his employment with ANR-Advance, Coleman was employed by Advance Transportation, one of the predecessor companies to ANR-Advance. Id. ¶ 14. Coleman has never been employed by Coastal. Id. ¶ 15.

ANR-Advance and Coastal are separate corporations and business entities, with separate articles of incorporation. Id. ¶ 16. All of the outstanding stock of ANR-Advance is owned by ANR-Advance Holdings, Inc. Id. ¶ 17. ANR-Advance Holdings, Inc. is owned fifty percent by the former shareholders of Advance Transportation Company, Inc. and fifty percent by an indirect Coastal subsidiary, as follows: fifty percent of the outstanding shares of ANR-Advance Holdings, Inc. are held by ANRFS Holdings, Inc., which is wholly owned by American Natural Resources Company, which is wholly owned by Coastal Natural Gas Company, which is wholly owned by Coastal. Id. ¶ 18.

All at times identified in the complaint, Coastal and ANR-Advance operated completely independently of one another and there was no overlap or interchange of management or other employees between Coastal and ANR-Advance. Id. ¶¶ 19, 20. At all times relevant to the complaint, Coastal and ANR-Advance independently staffed, managed, and controlled their respective labor relations functions. Id. ¶ 21. ANR Advance's labor relations department did not advise, discuss, consult or seek the approval of Coastal regarding any personnel or employment related matter regarding ANR-Advance's employees. Id. ¶ 22. ANR-Advance employed and utilized independent labor counsel. Id. ¶ 24. Coastal did not review ANR-Advance's employment or labor management decisions before or after they were made. Id. ¶ 23.

At all relevant times, Coastal and ANR-Advance maintained separate and independent payroll and accounting systems. Id. ¶ 25. All ANR-Advance employees received paychecks from ANR-Advance. Id. ¶ 26. Coastal and ANR-Advance filed separate quarterly and annual financial statements

and tax returns. Id. ¶ 27. At all times identified in the complaint, Coastal had separate and independent headquarters, facilities, and equipment. Id. ¶ 28. Coastal's headquarters are in Houston, Texas, and ANR-Advance's headquarters were in Milwaukee, Wisconsin. Id. ¶ 29. At all relevant times, Coastal and ANR-Advance utilized separate letterhead, with no reference to the other on either, and maintained separate bank accounts and separate pension and benefit plans. Id. ¶¶ 30, 31.

At all times relevant to the employment actions Coleman alleges were discriminatory, Coleman was employed by ANR-Advance. Id. ¶ 32. At all time frames identified in the complaint, ANR-Advance was solely responsible for the personnel decisions regarding its employees, including Coleman. Id. ¶ 33. Coastal had no role, involvement or input into the alleged discriminatory employment decisions identified in Coleman's complaint. Id. ¶ 34. Coastal never held itself out as being liable for ANR-Advance's employment actions or as being accountable to ANR-Advance's creditors. Id. ¶ 35.

### III. DISCUSSION

Federal Rule of Civil Procedure 56 mandates the entry of summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists for trial when, in viewing the record and all reasonable inferences drawn from it in a light most favorable to the non-moving party, a reasonable jury could return a verdict for the non-movant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "A party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing there is a genuine issue for trial." Id. at 256.

Coastal argues that it cannot be held liable for the alleged discriminatory acts alleged by Coleman because it never employed Coleman. Courts in the Seventh Circuit have previously applied the "single employer" or "integrated enterprise" four factor test to determine whether multiple corporate entities should be considered as a single entity in employment discrimination cases. Sharpe v. Jefferson Distrib. Co., 148 F.3d 676, 678 (7th Cir. 1998); Rogers v. Sugar Tree Prods., Inc., 7 F.3d 577, 582 (7th Cir. 1994). The four factor test focused on interrelation of operations, common management, centralized control of labor relations and personnel, and common ownership. Rogers, 7 F.3d at 582. In Papa, 166 F.3d at 940, the Seventh Circuit rejected the application of the "integrated enterprise" standard to discrimination claims in the context of determining "whether an employer that has fewer than 15 or 20 employees, and thus falls below the threshold for coverage by the major federal antidiscrimination laws, should be deemed covered because it is part of an affiliated group of corporations that has in the aggregate the minimum number of employees." Id. at 938. The Papa court stated, "the basic principle of affiliate liability is that an affiliate forfeits its limited liability only if it acts to forfeit it–as by failing to comply with statutory conditions of corporate status, or misleading creditors of its affiliate, or configuring the corporate group to defeat statutory jurisdiction, or commanding the affiliate to violate the right of one of the affiliate's employees." Id. at 941. The Seventh Circuit identified three situations in which affiliated corporate entities should be considered a single employer: (1) where the traditional conditions are present for piercing the corporate veil; (2) where an enterprise splits itself into a number of corporations, each with fewer than the statutory minimum number of employees, for the express purpose of avoiding liability under the discrimination laws; or (3) where the parent corporation might have directed the discriminatory act, practice, or policy of which the employee of its subsidiary is complaining. Id. at 940-41.

Coleman erroneously argues that the Papa court's analysis applies only to the determination of whether a small employer is exempt from antidiscrimination laws.[4] The analysis set forth in Papa applies more broadly than the small employer exemption situation. The Papa court explicitly stated that the principles governing affiliate liability should not "vary from statute to statute, unless the statute, or the particular policy that animates the statute, ordains a particular test." Papa, 166 F.3d at 941; see also Mohr v. WCKG, Inc., 2000 WL 1535991 (N.D. Ill. Oct. 17, 2000) (applying Papa to situation other than small employer doctrine); Jefferson v. Ingersoll Int'l, Inc., 2000 WL 28256, at *7 (N.D. Ill. Jan. 4, 2000) (rejecting plaintiffs' argument that Papa analysis is limited to small employer situation and stating "[n]o matter if the issue is whether a small employer falls within the discrimination laws' coverage or whether a parent and subsidiary are considered a small employer, the policy considerations are the same."). Accordingly, the Court applies the Seventh Circuit's analysis in Papa to the determination of whether Coastal and ANR-Advance constitute a single employer such that Coastal could be liable for the discriminatory acts alleged by Coleman.[5]

---

[4] Curiously, although Coleman maintains that the Seventh Circuit's analysis in Papa does not apply to the present case, he argues that the proper analysis is that applied under state law to pierce the corporate veil. A piercing the corporate veil standard is the first scenario set forth in Papa in which an affiliate would be liable for the discriminatory actions of an affiliated entity. Thus, Coleman's argument for application of piercing the corporate veil standard is consistent with the Seventh Circuit's holding. The Court need not resolve whether a federal common law standard for piercing the corporate veil or a state law standard should apply because Coleman failed to produce evidence establishing a genuine dispute of material fact with respect to either standard. Atkins v. JAD Hosiery, Inc., 2000 WL 988534, at *2 (N.D.Ill. July 17, 2000) (noting that Papa was unclear about whether courts should apply a federal common law standard for piercing the corporate veil or whether courts should look to the law of the state of incorporation). Citing Illinois law, Coleman contends that the corporate veil may be pierced when one corporation is "so controlled and its affairs so conducted that it is a mere instrumentality of another" and "observance of the fiction of separate existence would . . . sanction a fraud or promote injustice." The undisputed facts in the record establish that Coastal did not control the affairs of ANR-Advance and observance of separate corporate identities would not promote a fraud or injustice.

[5] Even if the Court applied the four-factor integrated enterprise test, Coastal would be entitled to summary judgment given the undisputed facts described above.

Coleman has not established that any of three situations identified in *Papa* are satisfied here. First, Coleman has not demonstrated the existence of any of the traditional conditions necessary for piercing the corporate veil. Coleman has not show that Coastal ignored corporate formalities or misled creditors as to whom they can look to for the payment of their claims. Coastal and ANR-Advance have separate articles of incorporation, operated independently of one another, did not share employees or labor counsel, maintained separate and independent payroll and accounting systems, filed separate quarterly and annual financial statements and tax returns, had separate and independent headquarters, facilities, and equipment, and maintained separate bank accounts and separate pension and benefit plans. It is undisputed that Coastal never held itself out as being liable for ANR-Advance's employment actions or as being accountable to ANR-Advance's creditors.

Coleman has also failed to present any evidence indicating that ANR-Advance was incorporated for the express purpose of avoiding liability under the anti-discrimination laws. ANR-Advance was formed by the merger of ANR Freight System, Inc. and Advance Transportation Company, Inc., with Coastal having a remote relationship to the merged entity. Finally, Coleman has not shown that Coastal directed any of the alleged discriminatory acts of which Coleman complains. Coastal presented undisputed evidence that it had no role, involvement or input into the alleged discriminatory employment decisions concerning Coleman. It is further undisputed that Coastal did not review ANR-Advance's employment decisions before or after they were made. Because Coleman has failed to establish a genuine dispute of material fact with respect to any of the three situations set forth in *Papa* under which Coastal could be held liable for ANR-Advance's alleged discriminatory actions, Coastal is entitled to summary judgment as to all of Coleman's claims.

## IV. CONCLUSION

For the reasons set forth above, Coastal's Motion for Summary Judgment [#25] is GRANTED, Coastal's Motion to Strike Plaintiff's Vague, Conclusory, and Unsubstantiated Allegations and His Inadmissible Evidence [#37] is DENIED AS MOOT, Coastal's Amended Motion to Strike Plaintiff's Vague, Conclusory and Unsubstantiated Allegations and His Inadmissible Evidence [#58] is GRANTED IN PART AND DENIED IN PART, and Coastal's Supplemental Motion to Strike Plaintiff's Exhibit 5 to His Amended Response to Coastal's Summary Judgment Motion [#72] is GRANTED. The parties shall appear for a status hearing on February 8, 2001 at 10:00 a.m.

ENTER:

*Nan R. Nolan*
**Nan R. Nolan**
**United States Magistrate Judge**

Dated: 1/25/2001