Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Nan R. Nolan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 98 C 7599 | DATE | 5/3/2001 |
| CASE TITLE | Charles Coleman vs. ANR-Advance, et al. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: This matter is before the Court on The Coastal Corporation's Bill of Costs. Coastal is entitled to $3,378.25 in costs.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 3 | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAY 0 4 2001 | |
| | Notified counsel by telephone. | | date docketed | 97 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | FILED FOR DOCKETING | 5/3/2001 | |
| | Copy to judge/magistrate judge. | 01 MAY -3 PM 2: 38 | date mailed notice | |
| | courtroom deputy's initials KMc | Date/time received in central Clerk's Office | KMc mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHARLES COLEMAN,

    Plaintiff,

v.

ANR-ADVANCE TRANSPORTATION CO.
and COASTAL CORPORATION

    Defendants.

No. 98 C 7599
Magistrate Judge Nan R. Nolan

DOCKETED
MAY 0 4 2001

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on The Coastal Corporation's ("Coastal") Bill of Costs. Coastal is the "prevailing party" and seeks costs in the amount of $4,833.68. Federal Rule of Civil Procedure 54(d)(1) provides that the prevailing party shall be allowed costs other than attorneys' fees as a matter of course unless a statute, federal rule of civil procedure, or the court otherwise directs. Plaintiff Charles Coleman ("Coleman") incorrectly argues that the Court must find that Coleman's lawsuit was "vexatious, frivolous, or brought to harass or embarrass the defendant" before awarding costs to Coastal. The "vexatious, frivolous, or brought to harass or embarrass the defendant" standard governs prevailing defendants entitlement to attorney's fees under 42 U.S.C. § 1988 and has no application here.

Coleman argues that he should be excused from paying Coastal's costs because he is proceeding in forma pauperis. The Seventh Circuit has held that an award of costs to the prevailing party is proper even when the unsuccessful party was allowed to proceed in forma pauperis. McGill v. Faulkner, 18 F.3d 456, 460 (7th Cir. 1994) (stating "McGill should not be shielded from the costs he forced the defendants to incur with his suit even if he was and is presently indigent."). Coleman must provide sufficient evidence of inability to pay to overcome the presumption that Coastal is

entitled to costs. Corder v. Lucent Technologies, Inc., 162 F.3d 924, 929 (7th Cir. 1998). Coleman has not demonstrated that he should be excused from paying costs. Although Coleman states that he is unemployed and has no income, he fails to explain how he supports himself or whether he owns any property or other assets. Coleman must also show that he could not afford to pay these costs in the future. Coleman does not claim that he will be unable to pay the costs in the future, nor has he established that he has no likely prospects of obtaining employment in the future. Finally, this is not a case where the ruling on the merits of Coastal's summary judgment motion was a close call. Accordingly, the Court refuses to exercise its discretion to waive assessment of costs.

Recoverable costs are listed in 28 U.S.C. § 1920. Courts may not award costs not authorized by statute. Barber v. Ruth, 7 F.3d 636, 644 (7th Cir. 1993). Coleman objects to the costs incurred in taking his deposition on May 15 and 16, 2000. Under section 1920(2), costs for deposition transcripts may be awarded only upon a showing that they were "necessarily obtained for use in the case." Id. at 645. Coleman correctly points out that his deposition was not necessary to Coastal's successful summary judgment motion. However, on April 11, 2000, before Coastal's summary judgment motion was fully briefed, Judge Alesia ordered discovery closed on May 22, 2000. Given the imminent discovery deadline and the fact that the Court had not ruled on Coastal's summary judgment motion, Coleman's deposition was reasonably necessary to Coastal's defense of the case. Barber, 7 F.3d at 645 (stating "the determination of necessity must be made in light of the facts known at the time of the deposition.").

The Court has reviewed Coastal's Bill of Costs and determines that the total allowable costs for deposition transcripts is $2350.00, which is Coastal's request reduced to the per page rate of $3.00 and minus ASCII disk costs and costs for condensed transcripts. Winfrey v. City of Chicago, 2000 WL 1222152, *3 (N.D. Ill. Aug. 22, 2000) (holding costs for condensed transcripts are not

recoverable); Jones v. Bd. of Trustees of Community College District No. 508, 197 F.R.D. 363, 364 (N.D. Ill. 2000) (stating defendant not entitled to recover charge for ASCII diskettes of deposition transcripts as costs). Local Rule 54.1(b) provides that the rate for reimbursement of deposition copies shall not exceed the regular rates established by the Judicial Conference of the United States, which has established maximum copy rates of $3.00 per page for the original transcript. See Volume VI Judicial Conference of the United States, Guide to Judiciary Policies and Procedures, Court Reporters' Manual, ch. 20, pt. 20.3 (1998) (setting forth the prices per page for transcripts).

Coastal seeks $1,028.25 in copying costs. Section 1920(4) allows costs for "copies of papers necessarily obtained for use in the case." 28 U.S.C. § 1920(4). Coastal's Bill of Costs provides information concerning the cost per page, number of pages copied, and the date the copies were made. This description is adequate to support a bill of costs. Northbrook Excess and Surplus, 924 F.2d 633, 634 (7th Cir. 1991) (upholding award of photocopying costs where description failed to identify the documents copied, the number of copies made, or the costs per page). Fifteen cents per page is a reasonable in-house copying charge. Allscripts Pharmaceuticals, Inc., 1998 WL 1110062, *3 (N.D. Ill. June 10, 1998). Coastal is awarded its total photocopying costs.

Coastal also seeks $174.00 in costs for facsimile charges, $179.31 for messenger charges, and $90.82 for long distance telephone calls. Such costs are not mentioned in section 1920 and are not allowable. El-Fadl v. Central Bank of Jordan, 163 F.R.D. 389, 390 (D.D.C. 1995) (stating "[T]he overwhelming weight of authority have declined to award costs for courier services, postage, telephone or fax charges."). The Court also rejects Coastal's request for $151.44 in Federal Express charges. Amati v. City of Woodstock, 1998 WL 299362, *5 (N.D. Ill. May 27, 1998) (disallowing Federal Express charges). Coastal seeks $295.93 in costs associated with computer legal research. Computer legal research expenses are not on the list of taxable costs in Section 1920 and such

expenses will not be allowed. <u>Wood v. Kidder, Peadbody & Co.</u>, 1992 WL 114948, *2 (N.D. Ill. May 20, 1992). Finally, Section 1920 does not include any of the items Coastal lists as miscellaneous expenses (cab fares, retrieval fee for bankruptcy documents, meals, and parking) as taxable costs. These costs will not be allowed.

Based on the foregoing, Coastal is entitled to $3378.25 in costs.

**E N T E R:**

*Nan R. Nolan*

**Nan R. Nolan**
**United States Magistrate Judge**

Dated: *May 3, 2001*